818 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby G. GRIFFIN-BEY, Plaintiff-Appellant,
v.
L. CARTER, Defendant-Appellee.
 No. 86-2062.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1987.
 
 Before KEITH and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se plaintiff, who is an inmate at the State Prison of Southern Michigan (SPSM), appeals a district court order which dismissed his 42 U.S.C. Sec. 1983 complaint pursuant to defendant's Rule 12(b)(6), Federal Rules of Civil Procedure, motion to dismiss for failure to state a claim upon which relief can be granted.
 
 
 3
 Plaintiff brought this action against a resident unit manager at SPSM who allegedly disciplined plaintiff without due process of law for plaintiff's failure to return to his cell after dinner in a timely manner. Plaintiff alleged that the district court erred in dismissing his complaint because Michigan provides no adequate state remedy. Plaintiff's allegation is based on his interpretation of Michigan Compiled Laws Annotated (MCLA) Sec. 600.6440.
 
 
 4
 Upon review of the case, we conclude plaintiff's complaint was properly dismissed for failure to state a claim pursuant to the doctrine established in Parratt v. Taylor, 451 U.S. 527 (1981). Plaintiff asserted a claim of illegal deprivation of his liberty which is contrary to established state law. It is thus a random and unauthorized act under state law. See Four Seasons Apartments v. City of Mayfield Heights, 775 F.2d 105, 152 (6th Cir. 1985); Kumar v. Marion County Common Pleas Court Div. of Dom. Rel. ,704 F.2d 908 (6th Cir. 1983) (per curiam). As such, the claim fails to state a violation of procedural due process if there is an adequate state remedy to pursue under state law. See Four Seasons Apartments, 775 F.2d 105; Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985); Wilson v. Beebe, 770 F.2d 578 (6th Cir. 1985) (en banc). As determined by the district court, the state of Michigan provides an adequate remedy for the plaintiff to pursue a negligence action. This is inferred from MCLA Sec. 691.1408 which provides, inter alia, for the use of state funds by state employees to defend themselves in negligence actions which arise within the scope of their employment. Moreover, this court has held that Michigan provides an adequate remedy in damages where a negligent act of a state officer deprives a person of a liberty interest. Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985).
 
 
 5
 The district court also properly held that the plaintiff has an adequate state court remedy through an action for false arrest. Barnier v. Szentmiklosi, 810 F.2d 594 (4th Cir. 1987). Plaintiff has failed to prove that he does not have adequate state remedies at his disposal. See Campbell v. Shearer, 732 F.2d 531 (6th Cir. 1984); Vicory v. Walton, 721 F.2d 1062 (6th Cir.), cert. denied, 469 U.S. 834 (1984).
 
 
 6
 For these reasons, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.