UNITED STATES of America, Plaintiff,

v.

HOPKINS DODGE SALES, INC. and Gary E. Mattox, Defendants.

UNITED STATES of America, Plaintiff,

v.

FREEWAY DODGE INC. and Thane D. Hawkins, Defendants.

Civ. Nos. 3–85–1859, 3–85–1954.

United States District Court,
D. Minnesota,
Third Division.

Feb. 2, 1989.

David A. Levitt, Sharon I. Kurn, U.S. Dept. of Justice, Washington, D.C., Mary E. Carlson, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff.

Mark E. Jacobson, James W. Moen, Jacobson Stromme & Harwood, James S. Simonson, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, Minn., for defendants.

## ORDER

DEVITT, District Judge.

### INTRODUCTION

On June 13, 1988, the Court of Appeals filed a decision upholding the judgment of this court in the above captioned matter, see *U.S. v. Hopkins Dodge, Inc.*, 849 F.2d 311 (8th Cir.1988). On October 12, 1988, defendants Hopkins Dodge Sales, Inc. and Gary E. Mattox submitted an application for attorneys fees and expenses incurred in this case under the Equal Access to Justice Act ("the EAJA"), 28 U.S.C. § 2412(d). This application consisted of a Notice of Motion and Motion, Memorandum in Support of Motion and Affidavit of Mark E. Jacobson. On October 13, 1988, defendants filed a Supplemental Affidavit of Mark E. Jacobson in support of the application which contained information regarding the eligibility of Hopkins Dodge to recover under the EAJA as well as a summary of the hours billed by the law firm of Jacobson Stromme & Harwood, P.A. On November 8, 1988, defendants also filed an affidavit of James S. Simonson which documented the fees and expenses charged by defendants' co-counsel, Gray, Plant, Mooty, Mooty & Bennett, P.A.

On December 13, 1988, this court requested briefs from the parties concerning the timeliness of defendants' application for fees in order to properly detemine whether this court had jurisdiction over the matter.

### DISCUSSION

As both parties agree, the last date upon which an application for fees could be filed in this case was October 12, 1988. The EAJA provides that the application must be filed within 30 days of final judgment. "Final judgment" means "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Thus, in this case, final judgment was on September 12, 1988, the last day upon which the government could have applied to the Supreme Court for a writ of certiorari (90 days after the Court of Appeals' judgment, 28 U.S.C. Sec. 2101(c), plus one day due to the fact that September 11, 1988 fell on a Sunday, Fed.R.Civ.P. 6(a)). Note that Local Rule 6 cannot cut this statutory period short. *United States v. Estridge*, 797 F.2d 1454, 1459, n. 1 (8th Cir.1986). Consequently, if defendants' application filed on October 12, 1988 was sufficient in content, it was timely filed.

However, plaintiff argues that the application was untimely because it failed to allege a key jurisdictional element: that defendants are eligible to receive an award under the EAJA. The EAJA provides in pertinent part:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed. The party shall also allege that the position of the United States was not substantially justified ...

28 U.S.C. § 2412(d)(1)(B). An "eligible" party under the EAJA is:

(i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net

worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed; except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1954 (26 U.S.C. 501(c)(3)) exempt from taxation under section 501(a) of such Code, or a cooperative association as defined in section 15(a) of the Agricultural Marketing Act (12 U.S.C. 1141j(a)), may be a party regardless of the net worth of such organization or cooperative association;

28 U.S.C. § 2412(d)(2)(B).

The materials which defendants submitted on October 12, 1988 made no explicit allegation that defendants were eligible parties nor did they provide factual information which would show that defendants were eligible. The Supplemental Affidavit of Mark E. Jacobson filed on October 13, 1988 did allege sufficient facts to show that Hopkins Dodge is an eligible party. To date no information has been submitted which would show that defendant Mattox is an eligible party. Indeed, as of December 29, 1988, defendants no longer claim that Mr. Mattox is an eligible party. *See* Defendant's Reply, p. 8.

The question thus presented is whether an incomplete application can be considered timely in light of the omission of a showing of eligible party status in the initial filing presented within the statutory period.

■ Initially it should be noted that the EAJA is a waiver of sovereign immunity and must be strictly construed. *Action on Smoking and Health v. Civil Aeronautics Board,* 724 F.2d 211, 225 (D.C.Cir.1984); *Columbia Manufacturing Corp. v. NLRB,* 715 F.2d 1409, 1410 (9th Cir.1983); *Monark Boat Co. v. NLRB,* 708 F.2d 1322, 1326–27 (8th Cir.1983). Once the government permits such lawsuits "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). In consideration of these principles, courts have consistently held that the 30 day filing requirement (itself) is jurisdictional and

must be strictly enforced. *See e.g., Action on Smoking,* 724 F.2d 211; *Columbia Manufacturing,* 715 F.2d 1409; *Monark,* 708 F.2d 1322.

■ Although the above cited cases all deal with late filed applications rather than an application which is timely filed but defective, the rationale requiring strict construction which bars an action on the former also applies to and bars an action on the latter. The statutory language and legislative history of the EAJA, although not couched in the language of jurisdiction, indicate that Congress intended the filing deadlines to be strictly enforced and considered the showing of eligible status to be an integral part of filing.

The statute states in plain language that a party seeking fees "*shall, within thirty days* of final judgment in the action, submit to the court an application ... which *shows* that the party ... is *eligible* to receive and award under this subsection ..." (28 U.S.C. § 2412(d)(1)(B) (emphasis added)).

The House Conference Report, in adopting the Senate version of the 30–day requirement, described it as follows: "The Senate bill also *requires* a party seeking an award of fees and other expenses to submit an application for them *within thirty days* of final judgment, including *a showing of eligibility* and an itemized statement of the amount claimed." H.R.Rep. No. 1434, 96th Cong., 2d Sess, 26 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 5003, 5015 (emphasis added).

Nothing in the language of the statute or its legislative history suggests that a defective application which is not completed until after the 30 day limit has run is any less fatal to a court's jurisdiction than a late filed application. Indeed, the requirement of showing eligible status is contained in the same sentence as the 30 day filing requirement.

The holding of *Dunn v. United States,* 775 F.2d 99 (3d Cir.1985), might appear to be in contradiction with the above analysis. In *Dunn,* the court held that an application which originally had omitted an itemized

statement of the fees sought could later be supplemented to cure this defect even though the statutory 30 days had run. The court concluded that the requirement of an itemized statement of fees was not jurisdictional. It was found that the petitioner's application sufficiently put the government on notice of the claim so that absent a showing of prejudice to the government or non-compliance with court orders for timely completion of the application, supplementation was permissible.

The case at bar, however, is different than *Dunn*. The requirement of showing eligible status is not merely a notice requirement as the court in *Dunn* seems to argue the requirement of filing an itemized statement of fees is. Regardless of what fees are alleged due, the suit may continue; though of course all the requested fees may not be awarded. However, if a party does not meet the "threshold requirements" of net worth and number of employees under § 2412(d)(2)(B), *see* H.R. No. 120, 99th Cong., 1st Sess. 15, *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 143, the court is without jurisdiction and the application stops there. The EAJA is only a very limited waiver of sovereign immunity. Section 2412(d)(2)(B) limits its aplication "to those persons and small business for whom costs may be a deterrent to vindicating their rights." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 15, (1980), *reprinted in* 1980, U.S.Code Cong. & Ad. News, 4984, 4994. Congress did not consent to being sued by any other parties under this statute. Thus, the showing of eligibility is not merely a notice requirement. Rather, it is jurisdictional and a prerequisite to government liability.

Furthermore, *Dunn* is not the law of this circuit. *Monark Boat Co. v. NLRB*, 708 F.2d 1322 (8th Cir.1983), is the Eighth Circuit opinion most applicable to the case at bar. Although *Monark* concerned a late filing under the EAJA rather than a defective filing later supplemented, the rationale applied in that decision applies to this case as well. The EAJA is a waiver of sovereign immunity and thus the time limits it sets forth are jurisdictional requirements. *Id.* at 1329. Furthermore, the "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Id., quoting, Soriano v. United States*, 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). The EAJA clearly states a petitioner must file an application which shows eligible status within 30 days of final judgment. Petitioner in this case did not meet this requirement. Accordingly this court is without jurisdiction to hear this matter.

At first glance, denying a fee under this rationale might seem a harsh result. However, there is a real potential for prejudice to the government when applications are not completely and timely filed. Also, petitioners conduct has not been excusable in this matter.

First, in addition to not demonstrating the eligibility of Hopkins Dodge in a timely fashion, petitioners did not address the eligibility of Mr. Mattox until their reply brief of December 29, 1988, more than two months after the 30 day deadline. The original filing stated that Mr. Mattox sought recovery. However, the reply states "Defendants do not now claim that Mr. Mattox is an eligible party under the EAJA." Defendant's Reply p. 8. If supplementation was allowed and filing requirements were not strictly construed, the government would have to assume that defendants' position was that Mr. Mattox was an eligible party and proceed accordingly.

Second, in addition to failing to show eligible status in a timely fashion, defendants failed to timely document their fees as is required by the Act. The fees of Jacobson, Stromme & Harwood, P.A. were probably adequately documented in the original filing (although they were further documented in the Supplemental Affidavit of Mark Jacobson). However, the fees charged by Gray, Plant, Mooty, Mooty & Bennett, P.A. were not documented at all until November 9, 1988 when the affidavit of James S. Simonson was filed. Unless the government knows what amount of fees are being sought and on what basis, it cannot know whether it is worthwhile to

contest the petition. If applications are not completely filed in a timely fashion, the government will be forced to expend precious human resources and funds on claims that it may not in reality contest or that may not actually exist.

It should also be noted that defendants have not given any excuses for their deficiencies in filing. Consequently, they are not in a position to complain that a disallowance of the fees on the above grounds is unjust.

## CONCLUSION

IT IS HEREBY ORDERED that this petition be DISMISSED on the ground that this court is without jurisdiction due to a late filing.