Olga LUNA, Plaintiff

v.

Kenneth S. APFEL, Commissioner
of Social Security,[1] Defendant

No. Civ.A 96–4428(JEI).

United States District Court,
D. New Jersey.

Dec. 4, 1997.

Philip Wolf, Haddonfield, NJ, for Plaintiff.

Faith S. Hochberg, U.S. Atty., Anthony J. LaBruna, Jr ., Asst. U.S. Atty., Newark, NJ, for defendant.

**OPINION**

IRENAS, District Judge.

Plaintiff Olga Luna applies, pursuant to the Equal Access to Justice Act, for an award of costs and attorney fees for services rendered in this action against the Commissioner of Social Security. Defendant Kenneth S. Apfel, Commissioner of Social Security, opposes plaintiff's motion. For the reasons discussed below, this Court will grant plaintiff's application for costs and attorney fees.

---

1. Pursuant to Fed.R.Civ.P. 25(d), Kenneth S. Apfel, sworn in as Commissioner on September 29, 1997, is substituted for John J. Callahan, former Acting Commissioner, as the defendant in this action.

## I. BACKGROUND

Plaintiff Olga Luna filed the Complaint in this action on September 9, 1996, seeking, pursuant to 42 U.S.C. § 405(g) (1994), this Court's review of the final decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff's January 29, 1993, application for social security income. On August 11, 1997, this Court signed and entered the Consent Order to Remand in this action, remanding plaintiff's cause of action to the Commissioner for further administrative action.

On October 2, 1997, plaintiff filed an application for an award of counsel fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1994), in the amount of $4,725.00, plus costs in the amount of $120.00. On October 23, 1997, the Commissioner filed an opposition to plaintiff's motion, asserting that plaintiff's application was not timely filed and therefore this Court lacks subject matter jurisdiction to award attorney fees.

## II. DISCUSSION

The Equal Access to Justice Act provides that a prevailing party in a civil action brought by or against the United States or any agency or any official of the United States acting in her official capacity may be awarded a judgment for costs, 28 U.S.C. § 2412(a)(1) (1994), and shall be awarded reasonable attorney fees and expenses unless the court finds that the position of the United States was substantially justified or that special circumstances make such an award unjust, *id.* 2412(d)(1)(A). EAJA further provides:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing

party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from the attorney ... representing ... the party stating the actual time expended and the rate at which fees and other expenses were computed.

*Id.* § 2412(d)(1)(B).[2]

The Commissioner applied for a consent order remanding plaintiff's cause of action to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g) (1994) ("sentence-four"). Sentence-four provides with respect to judicial review of final decisions of the Commissioner that "[t]he Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). This Court signed and entered the Consent Order to Remand on August 11, 1997.

That plaintiff is a "prevailing party" under EAJA is not disputed.[3] The Commissioner's argument is that this Court lacks subject matter jurisdiction to enter a judgment awarding costs and fees because plaintiff's application was untimely. He contends that it was untimely because it was not filed within thirty days of the date of entry of the Consent Order to Remand.

EAJA provides that a party seeking an award of costs and fees under its provisions "shall, within thirty days of final judgment in the action" submit its application for such award. 28 U.S.C. § 2412(d)(1)(B). "'[F]inal judgment' means a judgment that is final and not appealable, and includes an order of settlement[.]" *Id.* § 2412(d)(2)(G). A sentence-four remand order is a final judgment for purposes of appealability. *Shalala*

---

**2.** Here the application for a judgment awarding costs is included in the application for attorney fees. The award of costs might not be put in issue by the Commissioner's opposition to plaintiff's application for attorney fees since, on its terms, § 2412(d)(1)(B) does not appear to require a party seeking a judgment awarding costs pursuant to § 2412(a)(1) to submit an application within thirty days. In light of this Court's disposition of plaintiff's application, however, the issue as to whether costs could be awarded if the

application for attorney fees were untimely need not be resolved.

**3.** A party who obtains a sentence-four remand is a prevailing party eligible for a judgment awarding costs and attorney fees and expenses under EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301–02, 113 S.Ct. 2625, 2631–32, 125 L.Ed.2d 239 (1993).

*v.. Schaefer*, 509 U.S. 292, 303, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993); *Kadelski v. Sullivan*, 30 F.3d 399, 401 (3d Cir.1994). It becomes a "final judgment" within the meaning of EAJA upon expiration of the time for appeal. *Schaefer*, 509 U.S. at 298, 113 S.Ct. at 2629; *see Melkonyan v. Sullivan*, 501 U.S. 89, 102, 111 S.Ct. 2157, 2165, 115 L.Ed.2d 78 (1991).

The question here concerns the point at which the Consent Remand Order became, or will become, a "judgment that is final and not appealable." In *Shalala v. Schaefer*, the Supreme Court explained:

> An EAJA application may be filed until 30 days after a judgment becomes "not appealable"—*i.e.*, 30 days after the time for appeal has ended. See §§ 2412(d)(1)(B), (d)(2)(G); see also *Melkonyan*, 501 U.S. at 102, 111 S.Ct. at 2165, ... Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after "entry of judgment," and that a judgment is considered entered for purposes of the Rule only if it has been "entered in compliance with Rul[e] 58 ... of the Federal Rules of Civil Procedure." Fed.Rules App.Proc. 4(a)(1), (7). Rule 58, in turn, requires a district court to set forth every judgment "on a separate document" and provides that "[a] judgment is effective only when so set forth."

509 U.S. at 302–03, 113 S.Ct. at 2631–32. Therefore, if appealable in the first instance, the Consent Order to Remand remains appealable under EAJA for sixty days after such date as judgment might be entered in compliance with Federal Rule of Civil Procedure 58. *See id.* at 303, 113 S.Ct. at 2632; *Kadelski*, 30 F.3d at 402.

The Commissioner argues as follows:

> [A] consent order is not appealable, because the parties negotiated and agreed to its terms and, thus, cannot be aggrieved thereby. *See Dunn v. United States*, 775 F.2d 99, 105 (3d Cir.1985). Thus, in cases in which a consent order of remand pursuant to sentence four has been entered, the thirty-day period in which to file an EAJA application necessarily commences immediately upon entry.

(Defendant's Mem. of Law in Opp. to Plaintiff's Motion for Attorney Fees at 2).

This Court is not prepared to accept the blanket proposition that a consent judgment is not appealable.[4] Consent judgments are final decisions entered by district courts. The courts of appeals have jurisdiction to hear appeals from such final decisions. 28 U.S.C. § 1291 (1994). Appeals from consent judgments might be meritless, but "[r]esearch reveals no definitive answer to the question regarding whether an appeal can technically be filed irrespective of the merits of such an appeal." *Clark v. Housing Auth. of City of Alma*, 971 F.2d 723, 726 n. 4 (11th Cir.1992). Some authorities strongly suggest that a judgment entered by consent is "appealable" notwithstanding that it will be affirmed on appeal without consideration of the merits. For example, in *Pacific Railroad v. Ketchum*, 101 U.S. 289, 25 L.Ed. 932 (1879), the Supreme Court explained:

> It is contended ... that a consent decree in the Circuit Court cannot be appealed from, but we do not so understand the law. Sect. 692 of the Revised Statutes provides that an appeal shall be allowed from all final decrees in the circuit courts, & c., when the matter in dispute exceeds $5,000, and that this court "shall receive, hear, and determine such appeals." This makes appeals to this court, within the prescribed limits, a matter of right, and requires us, when they are taken, to hear and decide them. If, when the case gets here, it appears that the decree appealed from was consented to by the appellant, we cannot consider any errors that may be assigned which were in law waived by the consent, but we must still receive and decide the case. If all the errors complained of come within the waiver, the decree below will be affirmed, but only after hearing. We have, therefore, jurisdiction of this appeal.

---

4. Use of the term "consent judgment" is appropriate here as the Consent Order to Remand was the final judgment in this case. *See supra*, at 4.

*Id.* at 295. Other statements are of similar import. *See, e.g .,* *Swift & Co. v. United States,* 276 U.S. 311, 324, 48 S.Ct. 311, 314, 72 L.Ed. 587 (1928) (" '[A] decree, which appears by the record to have been rendered by consent, is always affirmed, without considering the merits of the cause.' ") (quoting *Nashville, Chattanooga & St. Louis Ry. Co. v. United States,* 113 U.S. 261, 266, 5 S.Ct. 460, 461, 28 L.Ed. 971 (1885)); *United States v. Babbitt,* 104 U.S. 767, 768, 17 Ct.Cl. 431, 26 L.Ed. 921 (1881) ("In *Pacific Railroad . . .* we decided that when a decree was rendered by consent, no errors would be considered here on an appeal which were in law waived by such a consent."); *Clark,* 971 F.2d at 726 ("[W]e read [*Pacific Railroad* ] as holding that the procedural act of actually filing an appeal from a consent decree may be accomplished whether we consider the assignment of errors in the appeal or not."); *National Wildlife Fed. v. Gorsuch,* 744 F.2d 963, 968 (3d Cir.1984) (stating that consent decrees may be reviewed on appeal when there is claim that consent or jurisdiction was lacking but decree " 'rendered by consent, is always affirmed, without considering the merits of the cause' ") (quoting *Swift,* 276 U.S. 311, 48 S.Ct. 311) (second internal quotes omitted); *United States v. All American Airways, Inc.,* 180 F.2d 592, 592 (9th Cir.1950) (per curiam) ("This appeal is from a consent judgment. . . . Such a judgment is not reversible. . . . The judgment appealed from is therefore affirmed.") (citing *Pacific R.R., Babbitt, Nashville,* and *Swift* ); *In re 4145 Broadway Hotel Co.,* 100 F.2d 7, 8 (7th Cir. 1938) (stating that ordinarily party to consent decree cannot question validity on appeal and since order there was consent decree "we are precluded from going into the merits") (citing *Pacific R.R.* and *Swift* ).

Other authorities suggest that a judgment entered by consent is "nonappealable." *See, e.g., Justice v. CSX Transp., Inc.,* 908 F.2d 119, 125 (7th Cir.1990) (indicating that settlement deprives parties of right to appeal); *Tapper v. Comm'r of Internal Rev.,* 766 F.2d 401, 403 (9th Cir.1985) (per curiam) (stating that "[g]enerally, a party cannot appeal a judgment entered with its consent" unless there was lack of actual consent or subject matter jurisdiction and affirming judgment below); *White v. Comm'r of Internal Rev.,* 776 F.2d 976, 977 (11th Cir.1985) (per curiam) (stating same rule and dismissing appeal); 20 James Wm. Moore et al., *Moore's Federal Practice* § 303.10[2][d] at 303–22 (3d ed.1997) (stating that party may lose right to appeal by consenting to entry of judgment); *Hodgson v. Vroom,* 266 F. 267, 269 (2d Cir. 1920) ("A decree on consent is not appealable, in the sense that no errors will be considered which were in law waived by the consent given. . . . Therefore nonappealability is not only an incident to a consent judgment, but one of the indicia of the nature of the nature of the decree ordered.") (citing *Babbitt* ).

■ Also relevant is the rule that only aggrieved parties may appeal. In *Deposit Guaranty National Bank of Jackson v. Roper,* 445 U.S. 326, 333, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1980), the Supreme Court stated:

> Congress has vested appellate jurisdiction in the courts of appeals for review of final decisions of the district courts. 28 U.S .C. § 1291. Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom. A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it. . . . The rule is one of federal appellate practice . . .; it does not have its source in the jurisdictional limitations of Art. III.

*Id.* at 333–34, 100 S.Ct. at 1171–72 (citations omitted); *see* 19 James Wm. Moore et al, *Moore's Federal Practice* § 205.04[1] at 205–40 to 205–40.1 & n. 1 (3d ed.1997) (stating that a prevailing party is not aggrieved and may not appeal and citing cases).

■ This Court finds the weight of the authorities to be that while an appeal of a consent judgment such as the remand order in this case will most likely be meritless, the parties—at least the non-prevailing party—nonetheless may appeal. That is, the court of appeals will take jurisdiction and recognize the appeal even though it then will refuse to review the merits and summarily will affirm the district court's final decision. Thus, this

Court finds there is no blanket prohibition barring an appeal, at least by the Commissioner, of the Consent Order to Remand, and the Order remains appealable. Therefore, plaintiff's application for an award of attorney fees under EAJA is timely.

It is recognized that this result is in some tension with *Dunn v. United States,* 775 F.2d 99 (3d Cir.1985), where the Third Circuit stated that a consent order settling a class action could not be appealed by the parties negotiating and agreeing to its terms because they "are not aggrieved by it." *Id.* at 105. The court of appeals held "that absent any motion for intervention prior to the expiration of the thirty-day period, a consent judgment . . . shall be deemed final as of the date of its entry." *Id.* The court made these statements after reaching a "holding" which was "dispositive and require[d] a reversal" of the district court decision below. *Id.* at 104. The statements were not necessary to the disposition of the case, nor were they part of the reasoning supporting the dispositive holding. As such they are *dicta* and not binding on this Court.[5]

It also is recognized that under EAJA a "final judgment" is "a judgment that is final and not appealable, *and includes an order of settlement* [.]" 28 U.S.C. § 2412(d)(2)(G) (1994) (emphasis added). The House Judiciary Committee, in reporting on EAJA, commented with respect to settlement agreements that

> [i]f a settlement is reached and [a] fee award is not part of the settlement, then the thirty-day period [in 28 U.S.C. § 2412(d)(1)(B) ] would commence on the date when the proceeding is dismissed pursuant to the settlement or when the adjudicative officer approves the settlement.

H.R.Rep. No. 99–120, pt. I, at 18 n. 26, *reprinted in* 1985 U.S.C.C.A.N. 132, 146.

"Final judgment," as defined in EAJA, "means" a judgment which is final and not appealable, and "includes" settlement orders.

Where a settlement order is appealable, however, it would be anomalous to treat it as a "final judgment" because that term *"means"* precisely a judgment which is *"not appealable."* The only sensible reading is that "final judgments" are judgments which are nonappealable and that only nonappealable settlement orders are "final judgments."[6] Therefore, where, as here, the possibility of appeal from a consent judgment settling the case is not foreclosed, the thirty-day period does not commence on the date of entry of the consent judgment. *Cf. Myers v. Sullivan,* 916 F.2d 659, 679–80 (11th Cir.1990) (thirty-day period commenced upon entry of remand order where Secretary concurred with motion for remand, admitted error and told court that he would award plaintiff full amount of requested benefits and, "[u]nder these special circumstances, [plaintiff] had ample knowledge that the Secretary could not and would not be appealing"); *Smith v. Sullivan,* 739 F.Supp. 812, 813–14 (S.D.N.Y. 1990) (thirty-day period commenced upon entry of remand order where remand was solely for calculation of benefits entered pursuant to settlement "and the Secretary treated the court's decision as final by stipulation that no appeal would be taken").

Having concluded that plaintiff's application is timely, this Court now grants same. Plaintiff's counsel has complied with the itemization requirement of 28 U.S.C. § 2412(d)(1)(B), and has made an appropriate cost-of-living adjustment. *See Allen v. Bowen,* 821 F.2d 963 (3d Cir.1987); *Natural Resources Defense Council v. EPA,* 703 F.2d 700, 713 (3d Cir.1983). The Commissioner does not oppose the computation or reasonableness of the fee award sought. Recovery of the cost of the filing fee in this action is appropriate. 28 U.S.C. § 2412(a)(1).

### III. CONCLUSION

For the reasons set forth above, plaintiff's application for attorney fees and costs is

---

**5.** *But see Everard v. Secretary of Health & Human Servs.,* 742 F.Supp. 739 (N.D.N.Y.1990) (holding that stipulation of remand for reinstatement of benefits and discontinuance was signed by parties and magistrate judge was final judgment under EAJA and filing date of stipulation commenced thirty-day limitations period) (citing *Dunn* ).

**6.** This Court assumes for this discussion that "settlement orders," as the term appears in EAJA, encompasses consent judgments.

**280**

granted. This Court will enter an appropriate order.