SCHALL, Circuit Judge,
dissenting.
Paragraph 1 of Bazalo’s EAJA application read as follows: “the Applicant is a prevailing party and entitled to receive an award as shown by this Court’s September 29, 1994 Order vacating the BVA’s March 4, 1993 decision in the matter and remanding the case to the BVA.” This statement addressed Bazalo’s entitlement to an EAJA award because it set forth the fact that Bazalo had prevailed in the underlying litigation. See 28 U.S.C. § 2412(d)(1)(B) (1994). The application, however, contained no statement directed to the matter of Bazalo’s net worth. See 28 U.S.C. § 2412(d)(2)(B) (1994). It thus failed to address Bazalo’s eligibility for an EAJA award. See 28 U.S.U § 2412(d)(1)(B). Consequently, the application failed to meet the statutory requirement of showing that Bazalo was “a prevailing party and ... eligible to receive an award.” Id. (emphasis added). At the same time, it is undisputed that Bazalo did not seek to supplement the application within thirty days of when it was filed.
In arguing that he should have been allowed to supplement his application to show that he was eligible for an EAJA award, Bazalo advances the argument that any doubt about the meaning of § 2412(d)(1)(B) should be resolved in his favor because he is a veteran. The majority does not reach this argument. In any event, I believe that we should reject it. It is true that “provisions for benefits to members of the Armed Services are to be construed in the beneficiaries’ favor.” King v. St. Vincent’s Hosp., 502 U.S. 215, 220-21 n. 9, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991). The EAJA is not a veterans’ benefits statute, however. Rather, it is a statute of general applicability. The rule of statutory construction upon which Bazalo relies does not apply in this ease.
Bazalo’s second argument is that he should prevail under the reasoning of the United States Court of Appeals for the Third Circuit in Dunn v. United States, 775 F.2d 99 (3d Cir.1985). In Dunn, the petitioner filed an EAJA application within the thirty days of final judgment, but the application included neither a specific amount of fees requested nor an itemized statement of the time spent and the rate at which fees were computed, as required by 28 U.S.C. § 2412(d)(1)(B). See Dunn, 775 F.2d at 101. Subsequently, but after the thirty-day period set forth in § 2412(d)(1)(B) had elapsed, the petitioner filed an attorney’s affidavit that provided detailed time and billing information. See id. at 102. The Third Circuit characterized § 2412(d)(1)(B) as establishing “two requirements: a time for filing, and a standard for pleading.” Id. at 103. The court reasoned that timely filing serves the purpose of notifying the government of the EAJA claim and that, “once the claim is filed, whether or not it is as complete as it should be, the interests *1385 of proof of timeliness and of finality and of reliance have been satisfied.” Id. at 104. Thereafter, according to the court, “[w]hat remains is the fleshing out of the details.” Id. The court thus allowed the application to be supplemented with the attorney’s affidavit.
The majority states: “We agree with the Third Circuit that while the time limitation should be strictly met, the content of the EAJA application should be accorded some flexibility.” I am unable to agree. I believe that the majority errs in accepting the reasoning of Dunn. In my view, Dunn misreads § 2412(d)(1)(B) and, in so doing, ignores principles relating to waivers of sovereign immunity.
I start from the premise that the EAJA is a waiver of sovereign immunity and therefore must be strictly construed. See Ardestani v. INS, 502 U.S. 129, 137, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991). In relevant part, the EAJA states that a party “shall, within thirty days of final judgment in the action, submit to the court an application ... which shows that the party is a prevailing party and is eligible to receive an award.” 28 U.S.C. § 2412(d)(1)(B). We have held that the thirty-day filing period in § 2412(d)(1)(B) is jurisdictional and must be strictly enforced. See J.M.T. Mach. Co. v. United States, 826 F.2d 1042, 1047 (Fed.Cir.1987).
The thirty-day time limit and the eligibility requirement are contained in the same sentence of § 2412(d)(1)(B). I do not see how the statute can be read as differentiating between a jurisdictional time requirement and a non-jurisdictional content requirement, such differentiation being the underpinning of Dunn. Rather, all of the statute’s requirements are of equal weight. See Dunn, 775 F.2d at 105 (Adams, J., dissenting) (“Nothing in the wording or structure of the sentence suggests that certain elements necessary to meet the statute’s jurisdictional prerequisites are more or less important than others, or that some are to be interpreted more or less strictly than others.”); see also United States v. Hopkins Dodge Sales, Inc., 707 F.Supp. 1078, 1080 (D.Minn.1989) (“Nothing in the language of the statute or its legislative history suggests that a defective application which is not completed until after the 30 day limit has run is any less fatal to a court’s jurisdiction than a late filed application.”).
Proceeding from Dunn, the majority concludes that the statement in Bazalo’s EAJA application that he was “a prevailing party” served to satisfy “the eligibility requirement for jurisdictional purposes.” Based upon this conclusion, the majority holds that “[bjecause he met the jurisdictional requirements of the EAJA statute, Bazalo could supplement his filing after the thirty-day time limitation to set forth a more explicit statement about his net worth.” In arriving at this result, the majority reasons as follows:
By definition, a “party” under the EAJA statute is one with a net worth of less than two million dollars at the time of filing an appeal. Therefore, by making the statement that he was a “prevailing party” entitled to an award, Bazalo met the jurisdictional requirement.
(Footnote omitted).
I am unable to accept the majority’s reasoning. A statute is to be construed in a manner that gives meaning to all of its parts and does not render any part of the statute superfluous. See Colautti v. Franklin, 439 U.S. 379, 392, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979) (It is an “elementary canon of construction that a statute should be interpreted so as to not render one part inoperative.”); see also Perez v. Merit Sys. Protection Bd., 85 F.3d 591, 594 (Fed.Cir.1996) (A court “must construe a statute so as to give effect, if possible, to every clause and word.”). In allowing a party to satisfy both the prevailing party and the eligibility requirements of 28 U.S.C. § 2412(d)(1)(B) simply by stating that it is a “prevailing party,” the majority renders superfluous the statutory language that a party “shall” submit an application “which shows that the party is ... eligible to receive an award.”[1] By deviating from a settled *1386 principle of statutory construction in this manner, the majority also deviates from the rule that the provisions of the EAJA, as a waiver of sovereign immunity, are to be strictly construed. As the Court of Veterans Appeals held, in his EAJA application, in order to meet the requirements of the statute, Bazalo was required to make a separate showing that his net worth was such that he was eligible to receive an award of attorney fees and expenses.
Because Bazalo’s EAJA application was defective when it was filed and because no attempt was made to supplement it within thirty days, the Court of Veterans Appeals was without authority to consider the application.
For the foregoing reasons, I respectfully dissent. I would affirm the decision of the Court of Veterans Appeals.

. The majority states that "to be 'eligible' under the EAJA statute, a party must meet the additional requirements enumerated such as showing that the party prevailed and alleging that the United States was not substantially justified in its position.” According to the majority, the "requirement of net worth ... is not separately enumerated in the statute, but subsumed within *1386 the definition of ‘party.’ " However, the legislative history indicates that, by use of the language "eligible” in § 2412(d)(1)(B), Congress had only the net worth requirement in mind. See, e.g., H.R.Rep. No. 96-1418, at 10 (1980), reprinted in 1980 U.S.C.C.A.N. 4953, 4984, 4988 ("Parties eligible to recover fees ... include individuals whose net worth is less than $1 million.”); H.R.Rep. No. 99-120, at 7 (1985), reprinted in 1985 U.S.C.C.A.N. 132, 135 (explaining that the 1985 amendment to EAJA expands "eligibility ... to include individuals with a net worth of $2 million or less”). The same legislative history also indicates that the term "prevailing party” has a unique meaning, wholly unrelated to the EAJA net worth requirement. See H.R.Rep. No. 96-1418, at 12 (1980), reprinted in 1980 U.S.C.C.A.N. 4984, 4990 ("Under existing fee-shifting statutes, the definition of prevailing party has been the subject of litigation. It is the committee's intention that the interpretation of the term ... be consistent with the law that has developed under existing statutes. Thus, the phrase ‘prevailing party’ should not be limited to a victor only after entry of a final judgment following a full trial on the merits.”).