**Lawrence EVERARD, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 88–CV–1380.**

United States District Court,
N.D. New York.

Aug. 22, 1990.

---

Conboy McKay Bachman & Kendall, Carthage, N.Y., for plaintiff; Timothy A. Farley, of counsel.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., for defendant; William Larkin, Asst. U.S. Atty., of counsel.

MEMORANDUM—DECISION
AND ORDER

McCURN, Chief Judge.

*Background*

Plaintiff brought this action under 42 U.S.C. § 405(g) of the Social Security Act ("Act") for review of a final decision by the Secretary of Health and Human Services ("Secretary"), dated October 21, 1988, in which the Secretary determined that the plaintiff's disability (alcoholism) had ceased in November 1977, and that his entitlement

to disability insurance benefits ended in January 1978. A stipulation of remand and discontinuance was signed by the parties and by Magistrate DiBianco and filed on August 4, 1989, by which the case was discontinued without prejudice, and remanded to the Secretary for the purpose of issuing a favorable decision to reinstate the plaintiff's disability insurance benefits. The plaintiff now makes application to the court for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, alleging that he was the "prevailing party" in the proceedings, and that the government's position in the case was not "substantially justified" nor were there "special circumstances [to] make an award unjust."

The government objects to the plaintiff's attorney's fee application. The government contends that the court lacks subject matter jurisdiction because the application was not filed within the 30–day time limit contained in 28 U.S.C. § 2412(d)(1)(B). The government also argues that in the event the court assumes jurisdiction, the attorney's fee request is excessive since it includes hours of work performed at the administrative level, which are not compensable under the EAJA.

### Discussion

The EAJA permits the courts and federal agencies that conduct adversarial adjudications to award attorney's fees to parties who prevail against the federal government, unless the government's position was "substantially justified" or there are special circumstances which make a fee award unjust. 28 U.S.C. § 2412(d)(1)(A) (judicial proceedings); 5 U.S.C. § 504(a)(1) (administrative proceedings); *McGill v. Sec'y of Health and Human Services*, 712 F.2d 28, 30 (2d Cir.1983).

The EAJA requires that:

[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses....

28 U.S.C. § 2412(d)(1)(B).

A "final judgment" within the meaning of that subsection is "a judgment that is final and not appealable, *and includes an order of settlement....*" 28 U.S.C. § 2412(d)(2)(G). Thus, as the court held in *Dunn v. United States*, 775 F.2d 99 (3d Cir.1985), a consent judgment is a "final judgment" as of the date of its entry, within the meaning of the EAJA. *Id.* at 105. The House Judiciary Committee, in reporting on the EAJA, also commented with respect to settlement agreements that:

[i]f a settlement is reached and [a] fee award is not part of the settlement, then the thirty-day period [in 28 U.S.C. § 2412(d)(1)(B) ] would commence on the date when the proceeding is dismissed pursuant to the settlement or when the adjudicative officer approves the settlement.

H.R.Rep. No. 120, Pt. I, 99th Cong., 1st Sess. 18 n. 26, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 146.

Failure to comply with the 30–day requirement for filing an attorney's fee application is a jurisdictional bar to recovery of fees. *See Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477–78 (2d Cir.1988); *Allen v. Sec'y of Health and Human Services*, 781 F.2d 92, 94 (6th Cir.1986); *Action on Smoking and Health v. C.A.B.*, 724 F.2d 211, 225 (D.C.Cir.1984). As the court stated in *Action on Smoking:*

The thirty day time limitation contained in EAJA is not simply a statute of limitations. It is a jurisdictional prerequisite to governmental liability. [Plaintiff's] failure to file in timely fashion deprives this court of jurisdiction to award fees.

The Equal Access to Justice Act significantly abridged the government's immunity from suits for attorney's fees. As a waiver of sovereign immunity, the Act must be strictly construed. Once the government agrees to allow such suits, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit." Courts have consistently held that a statutory time limitation is an integral condition of the sovereign's consent. Compliance with that condition is a prerequisite to jurisdiction.

*Id.*

Here, the stipulation of remand and discontinuance was signed by Magistrate Di-

Bianco on July 27, 1989 and filed with the court on August 4, 1989. Thus, the thirty day time period in which to apply for attorney's fees expired on September 5, 1989. Plaintiff filed his application for attorney's fees on April 13, 1990, more than seven months after the expiration of the thirty-day time period. Thus, the court lacks jurisdiction to review plaintiff's application, and it must therefore be denied.

IT IS SO ORDERED.