**Eleanor O. GOLBACH, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 89–CV–1429.**

United States District Court, N.D. New York.

Nov. 29, 1991.

Legal Services of Cent. New York, Inc., Syracuse, N.Y. (Frederick J. Stanczak, Litigation Director, of counsel), Paul Ryther, Bloomfield, N.Y., and Greater Upstate Law Project, Rochester, N.Y. (Edwin J. Lopez–Soto, of counsel), for plaintiff.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y. (William H. Pease, Asst. U.S. Atty., of counsel), for defendant.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

## INTRODUCTION

Defendant, the Secretary of Health and Human Services ("Secretary"), moves for relief from this court's final judgment, dated June 12, 1991, pursuant to Fed.R.Civ.P. 60(b)(4) based on the theory that the judgment is void for lack of subject matter jurisdiction. As a basis for this claim, the Secretary asserts that plaintiff failed to file her motion for attorney's fees within the jurisdictional time limit established by the EAJA. In response, plaintiff argues that the EAJA's time limit within which a prevailing party must file an application for attorney's fees is not jurisdictional but rather a statute of limitations that is subject to waiver and rules of equitable tolling. In the alternative, plaintiff argues that even if this time limit were jurisdictional, defendant may not collaterally attack a final judgment based on a theory that it is void where defendant had an opportunity to litigate the matter during trial or on direct appeal but failed to do so.

## BACKGROUND

The procedural history leading to the present motion is not in dispute. Initially, plaintiff brought the underlying action pursuant to section 405(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), to review a final determination of the Secretary denying plaintiff's application for disability insurance benefits and Supplemental Security Income under the Act. By order dated January 18, 1991, this court adopted the Magistrate's Report–Recommendation in favor of plaintiff and remanded the case to the Secretary for the calculation and payment of benefits. The Court's final judgment on the merits of this action was entered on January 23, 1991.

As a result of this favorable ruling, on April 23, 1991, plaintiff submitted, by mail, a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). After hearing oral argument on this motion, this court granted plaintiff's motion and awarded $7,140.64 in attorney's fees and costs. However, in calculating the amount of fees to be awarded, the court refused to adopt plaintiff's argument that it should use the "legal services" rate of the Consumer Price Index ("CPI–U"). Instead, it employed the "all items" index of the CPI–U.

Plaintiff appealed this court's order for the limited purpose of seeking a ruling with regard to the question of the proper index to be used in calculating attorney's fees under the EAJA. The Secretary filed no cross appeal. At a preargument conference with a staff attorney employed by the Second Circuit, the staff attorney raised the question of whether plaintiff's motion for fees had been timely filed. As a result of this conference, plaintiff withdrew her appeal. Therefore, this court's ruling of June 12, 1991, with regard to the issue of attorney's fees, is the final judgment of the court on that issue.

## DISCUSSION

*A. Is the EAJA's Time Limit Jurisdictional or a Statute of Limitations?*

Section 2412(d)(1)(B) of the EAJA states in pertinent part:

A party seeking an award of fees and other expenses shall, within *thirty* days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party

is a prevailing party and is eligible to receive an award under this subsection, ... The party shall also allege that the position of the United States was not substantially justified....

28 U.S.C.A. § 2412(d)(1)(B) (emphasis added).

The Secretary argues that the EAJA's 30 day limitation to submit an application for attorney's fees is jurisdictional; and that since plaintiff did not file within 30 days, this court lacked subject matter jurisdiction to hear plaintiff's motion for an award of attorney's fees. As support for this argument, defendant cites *Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477 (2d Cir. 1988), in which the Second Circuit held that failure of a prevailing party to timely submit an application deprives a court of subject matter jurisdiction to award attorney's fees. *Id.* at 477; *see also Everard v. Secretary of Health and Human Servs.*, 742 F.Supp. 739 (N.D.N.Y.1990) (McCurn, C.J.).

Plaintiff's attorney admits that he filed this motion one day late. Although he mailed the notice of motion on April 23, 1991, the last day on which to file an application for attorney's fees, it was not filed by the clerk in Utica until the following day.[1] However, plaintiff argues that the EAJA's 30 day time limit is not jurisdictional but rather a statute of limitations. As support for this argument, plaintiff cites the United States Supreme Court's holding in *Irwin v. Veteran's Admin.*, —— U.S. ——, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

In *Irwin*, the Court was confronted with the jurisdictional limitation in Title VII governing suits for employment discrimination. Section 2000e–16(c) provides that an employment discrimination complaint against the Government under Title VII must be filed "[w]ithin thirty days of receipt of notice of final action taken" by the EEOC. *Irwin*, —— U.S. at ——, 111 S.Ct. at 455, 112 L.Ed.2d at 442. The issue before the court was whether this limit, which partially waived the government's sovereign im-

munity, was jurisdictional or merely a statute of limitations subject to equitable tolling. The Court of Appeals had held, as the Secretary argues in the present case, that section 2000e–16(c) was a condition of Congress' waiver of sovereign immunity. *Irwin*, —— U.S. at ——, 111 S.Ct. at 456, 112 L.Ed.2d at 442. As such, the court determined that strict compliance with section 2000e–16(c) was a necessary predicate to a Title VII suit. *Irwin*, —— U.S. at ——, 111 S.Ct. at 456, 112 L.Ed.2d at 443. The Supreme Court disagreed, noting that the time requirements for suits between private parties are customarily subject to equitable tolling. *Irwin*, —— U.S. at ——, 111 S.Ct. at 457, 112 L.Ed.2d at 443 (citations omitted). Thus, the Court concluded that "once Congress has made such a waiver [of sovereign immunity], we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of congressional waiver." *Irwin*, —— U.S. at ——, 111 S.Ct. at 457, 112 L.Ed.2d at 444. Therefore, the Court held that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should apply to suits against the United States. *Irwin*, —— U.S. at ——, 111 S.Ct. at 457, 112 L.Ed.2d at 444. Nevertheless, the Court held in favor of the Government because the plaintiff's excuse for failing to timely file was not one for which equitable tolling was appropriate. *Irwin*, —— U.S. at ——, 111 S.Ct. at 458, 112 L.Ed.2d at 444 ("equitable tolling [ ] do[es] not extend to what is at best a garden variety claim of excusable neglect.").

▆ The EAJA's 30 day limitation is very similar to Title VII's. Both are mandatory rather than discretionary, and both serve as partial waivers of the government's sovereign immunity. Accordingly, pursuant to the Court's holding in *Irwin*,

---

1. As an excuse for his failure to timely file, plaintiff's attorney states that he miscalculated the timeliness of the motion and that he sent the papers to Utica, rather than Syracuse, because of this court's standing order requiring all papers in connection with a claim for Social Security Disability benefits to be filed with the Office of the Clerk of the Court in Utica, New York.

this court concludes that the EAJA's 30 day limit for filing an application for attorney's fees is not jurisdictional but rather a statute of limitations subject to equitable tolling and waiver.

### B. Has the Secretary Waived His Right to Challenge the Lateness of Plaintiff's Filing?

In his motion to vacate this court's judgment pursuant to Fed.R.Civ.P. 60(b)(4), the Secretary relies solely on the contention that the EAJA's 30 day time limit for filing an application for attorney's fees is jurisdictional. As stated above, after the Supreme Court's decision in *Irwin*, this is no longer a supportable argument. Moreover, even if the Secretary had argued in the alternative that the principle of equitable tolling should not be applied to the facts of this case, he would be estopped from raising such a defense at this time because of his failure to raise the statute of limitations defense in this responsive pleadings. *See* Fed.R.Civ.P. 8(c) and 12(h)(1). In *Irwin*, the Court did not have to decide the issue of waiver because the government had argued from the beginning that the court lacked subject matter jurisdiction because plaintiff had failed to timely file its complaint. To the contrary, in the present case, the Secretary did not challenge plaintiff's late filing of her application for attorney's fees at the time he opposed the motion or on direct appeal. Although the Secretary argues that he failed do so because plaintiff's untimely filing was not immediately evident, this does not change the result. *See* Defendant's Memorandum of Law at 4, n. 1.

In the cases that have relied on the holding in *Irwin*, the Government has challenged the court's jurisdiction from the outset of the suit. For example, in *Schmidt v. United States*, 901 F.2d 680 (8th Cir.1990), *vacated and remanded,* — U.S. —, 111 S.Ct. 944, 112 L.Ed.2d 1033 (1991), the Supreme Court remanded the case to the Eighth Circuit for reconsideration in light of *Irwin*. On remand, the Eighth Circuit reversed the order of the district court dismissing plaintiff's complaint for lack of subject matter jurisdiction and remanded

for a trial on the merits under the Federal Tort Claims Act. *Schmidt v. United States*, 933 F.2d 639 (8th Cir.1991).

Although neither *Irwin* nor its progeny have dealt specifically with the issue of the waiver of a statute of limitations claim, there is ample support for plaintiff's argument. After concluding that the time limit in section 405(g) was not jurisdictional, but was waivable by the parties, the court in *Johnson v. Heckler*, 769 F.2d 1202, 1209 (7th Cir.1985), held that Federal Rules of Civil Procedure 8(c) and 12(h)(1) require a party to raise a statute of limitations defense in its answer or other responsive pleadings. The court went on to say that failure to do so results in a waiver of this defense. *Id.* (citing 5 Wright & Miller, *Federal Practice and Procedure, Civil 1278* (1985 Supp.)). Having concluded that the EAJA's time limit is a statute of limitations, the Secretary's failure to raise this defense in his responsive pleadings serves as a barrier to its now being raised to collaterally attack this court's judgment. Accordingly, the court concludes that the Secretary has waived his right to collaterally attack this court's award of attorney's fees to plaintiff pursuant to the EAJA based on plaintiff's untimely filing of her application.

### C. Additional Award of Attorney's Fees for Opposing this Motion

Plaintiff requests that this court enter a supplemental order awarding her attorney's fees pursuant to the EAJA for the time required to oppose this motion. In *Commissioner, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), the Supreme Court held that a prevailing party who was found to be eligible to receive attorney's fees was also entitled to recover any fees incurred in applying for this award. Likewise, in *Trichilo v. Secretary of Health and Human Servs.*, 823 F.2d 702 (2d Cir.1987), the Second Circuit awarded attorney's fees to plaintiff for the time spent litigating the fee issue.

While no award of attorney's fees is automatic under the EAJA, the court concludes that an additional award of attorney's fees is warranted in this case. *See Commissioner, Immigration and Nationalization Serv. v. Jean*, 496 U.S. at ——, 110 S.Ct. at 2321, 110 L.Ed.2d at 145. First, the Secretary sought to vacate this court's earlier judgment in this case pursuant to Fed.R.Civ.P. 60(b)(4) on the theory that the judgment was void for lack of subject matter jurisdiction. However, the Secretary failed to discuss the holding of the Supreme Court in *Irwin* which held that a 30 day limitation such as the one found in the EAJA was not jurisdictional, thus making his argument untenable. Secondly, even if this court had accepted the Secretary's argument that the limitation was jurisdictional, the Second Circuit's decision in *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir.1986), would have foreclosed the Secretary's collateral attack on this court's jurisdiction. Again, the Secretary failed to discuss this case. Had the Secretary considered either of these cases prior to filing his motion, it is reasonable to conclude that he might have decided not to seek the relief he is now requesting; and plaintiff would not have had to expend the additional hours required to oppose this motion. Accordingly, the court awards plaintiff attorney's fees pursuant to the EAJA for an additional 14.25 hours at the same rate of $109.23 per hour used to calculate the original award of attorney's fees in this court's order of June 12, 1991.

## CONCLUSION

The court concludes that the EAJA's 30 day time limit to file an application for attorney's fees is a statute of limitations and not a jurisdictional prerequisite. Accordingly, the court denies the Secretary's motion to vacate its judgment as void pursuant to Fed.R.Civ.P. 60(b)(4) for lack of subject matter jurisdiction.

In addition, the court awards plaintiff attorney's fees pursuant to the EAJA for an additional 14.25 hours expended in opposing this motion. The amount of the award is to be calculated using the same rate of $109.23 per hour used to calculate the original award of attorney's fees in this court's order of June 12, 1991, thus making the award in connection with this motion $1,556.52.

IT IS SO ORDERED.