**NORTH CAROLINA ALLIANCE FOR TRANSPORTATION REFORM, INC.; and Friends of Forsyth County, an unincorporated association; Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION; Rodney E. Slater, Secretary of United States Department of Transportation; Federal Highway Administration; Kenneth R. Wykle, Administrator, Federal Highway Administration; Nicholas L.**

---

Graf, Division Administrator, Federal Highway Administration; North Carolina Department of Transportation; and E. Norris Tolson, Secretary, North Carolina Department of Transportation; Defendants.

No. 1:99CV00134.

United States District Court, M.D. North Carolina.

April 13, 2000.

Marsh Smith, Cunningham, Dedmond, Petersen & Smith, Southern Pines, NC, Bruce J. Terris, Sarah A. Adams, Demian A. Schane, Terris Pravlik & Millian, LLP, Washington, DC, for Plaintiffs.

Gill P. Beck, Office of U.S. Attorney, Greensboro, NC, Elizabeth Leonard McKay, N.C. Department of Justice, Raleigh, NC, for Defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This action began on February 18, 1999, when Plaintiffs, North Carolina Alliance for Transportation Reform and Friends of Forsyth County, filed a complaint alleging that the construction of the Western Section of the Winston–Salem Beltway (the "Winston–Salem Bypass") violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and the North Carolina Environmental Policy Act ("NCEPA"), North Carolina General Statutes Art. 1, Ch. 113–A. On June 21, 1999, the parties filed a joint motion for an order of dismissal. The court entered an order of dismissal on June 29, 1999. Thereafter, on August 27, 1999, Plaintiffs filed a motion for attorney's fees and expenses, along with a motion for relief from judgment pursuant to Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. On March 23, 2000, a hearing was held on Plaintiffs' motion for relief from judgment pursuant to Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, as well as the reasons stated in open court, Plaintiffs' motion pursuant to Rule 60(b)(6) will be granted.

## FACTS

On February 18, 1999, Plaintiffs filed a complaint, as well as a motion for both a temporary restraining order and a preliminary injunction. Plaintiffs alleged that the construction of the Winston–Salem Bypass violated the NEPA and the NCEPA. On June 21, 1999, the parties filed a joint motion for an order of dismissal. The court entered an order of dismissal on June 29, 1999.

On July 8, 1999, Plaintiffs' counsel spoke with counsel representing the Federal Defendants regarding Plaintiffs' request for attorney's fees and expenses. On July 9, 1999, Plaintiffs' counsel spoke with counsel representing the State Defendants regarding Plaintiffs' request for attorney's fees and expenses. Each of the Defendants requested a written statement from Plaintiffs' counsel concerning Plaintiffs' request for attorney's fees and expenses. Plaintiffs' counsel complied with these requests in separate letters dated July 14, 1999. In the letter to counsel for the Federal Defendants, Plaintiffs' counsel wrote, in relevant part, "Under Local Rule 54.2, we must file our fees application by August 30, 1999. Consequently, we will need to start work on the application by approximately August 1." In the letter to the State Defendants, Plaintiffs' counsel wrote, in relevant part, "As we discussed, our fees application will be due on August 30, 1999 (the same day our application for fees from the federal government is due). Consequently, we will need to start work on the application by approximately August 1."

On August 2 and 3, the Federal and State Defendants notified Plaintiffs that they would not agree to the payment of any attorney's fees or expenses in this matter. On approximately August 5, 1999, counsel for Plaintiffs began research in preparation for drafting Plaintiffs' motion

for attorney's fees and expenses. During this preliminary research, Plaintiffs' counsel discovered that he may have been mistaken in assuming that the time limit set forth in Local Rule 54.2, rather than the time limit set forth in 28 U.S.C. § 2412(d)(1)(B), governed the Plaintiffs' motion for attorney's fees and expenses in this matter.[1] By the time of Plaintiffs' counsel's discovery, the thirty-day time period set forth in 28 U.S.C. § 2412(d)(1)(B) had expired. On August 27, 1999, fifty-nine (59) days after the date of judgment, Plaintiffs filed a motion for attorney's fees and expenses, along with a motion for relief from judgment pursuant to Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

■ The circumstances under which a party to a case brought by or against the United States may recover costs and attorney's fees are set forth in the Equal Access to Justice Act (the "EAJA"). *See* 28 U.S.C. § 2412. Section 2412(d)(1)(A) provides that a prevailing party other than the United States shall recover attorney's fees and other expenses, unless the court finds that the government's case was sub-

stantially justified or unless special circumstances make an award of fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The EAJA further provides, in relevant part:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . .

28 U.S.C. § 2412(d)(1)(B). The Federal Defendants argue that Plaintiffs' motion for fees and expenses pursuant to 28 U.S.C. § 2412(d)(1)(A) is time-barred because it was not filed within thirty days of the final judgment in this action as required by 28 U.S.C. § 2412(d)(1)(B).[2]

### I. *Plaintiffs' Rule 60(b) Motions*

■ Plaintiffs argue they are entitled to relief under Rule 60(b)(1) or, in the alternative, 60(b)(6), because in seeking to comply with Local Rule 54.2 they ran afoul of the time limit set forth in 28 U.S.C. § 2412(d)(1)(B). Rule 60(b)(6) allows a court to relieve a party from a final judgment or order for "any other reason justifying relief from the operation of the judg-

---

1. Local Rule 54.2 of the United States District Court for the Middle District of North Carolina states, in relevant part:

   The court will not consider a motion to award statutory attorney's fees until moving counsel shall first advise the court in writing that after consultation the parties are unable to reach an agreement in regard to the fee award. The statement of consultation shall set forth the date of the consultation, the names of the participating attorneys, and the specific results achieved.

   Within 60 days after the entry of final judgment . . . if the parties have not reached [an agreement on an award of statutory attorney's fees], the moving party shall file the statement of consultation required by this rule and a motion, supported by affidavits, time records, or other evidence, setting forth the factual basis for each criterion which the court will consider in making such an award.
   Local Rule 54.2.

2. Plaintiffs also seek fees from the Federal Defendants pursuant to 28 U.S.C. § 2412(b) and from the State Defendants pursuant to North Carolina General Statute Section 6-19.1. The timeliness of these claims for fees and expenses is not an issue in this action. First, the thirty-day time limit set forth in 28 U.S.C. § 2412(d)(1)(B) is not applicable to fee applications under 28 U.S.C. § 2412(b). *See Jackson v. United States Postal Serv.*, 799 F.2d 1018, 1023 (5th Cir.1986); *see also United States v. Lindert*, No. 96–4321, 1998 WL 180519 at *5 (6th Cir. Apr.8, 1998) (unpublished) (denying plaintiff's motion for fees under 28 U.S.C. § 2412(d)(1)(B) as untimely but denying plaintiff's motion for fees under 28 U.S.C. § 2412(b) on the merits). To prevail on their motion under 28 U.S.C. § 2412(b), Plaintiffs have the additional burden of proving the United States acted in bad faith. Second, Plaintiffs' counsel and the State Defendants' counsel stipulated that the Plaintiffs' motion for fees and expenses relating to the State would be due on August 30, 1999.

ment." Fed.R.Civ.P. 60(b)(6). According to the Fourth Circuit, Rule 60(b)(6) is:

> [T]he 'catch-all' clause because it provides the court with 'a grand reservoir of equitable power to do justice in a particular case' and 'vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice' where relief might not be available under any other clause in 60(b).

*Eberhardt v. Integrated Design & Constr., Inc.,* 167 F.3d 861, 872 (4th Cir.1999) (quoting *Compton v. Alton Steamship Co., Inc.,* 608 F.2d 96, 106–07 (4th Cir.1979)). Furthermore, the Fourth Circuit has held the remedy provided by Rule 60(b) is to be invoked only upon a showing of exceptional circumstances. *See Compton,* 608 F.2d at 102.

In this case, the Federal Defendants were not prejudiced by Plaintiffs' allegedly untimely filing. As early as July 8, 1999, and no later than July 14, 1999, the Federal Defendants were aware that the Plaintiffs were relying on the sixty-day limit set forth in Local Rule 54.2. Unaware of the conflict between Local Rule 54.2 and the time limit set forth in 28 U.S.C. § 2412(d)(1)(B), the Federal Defendants remained silent. Furthermore, because the timeliness of Plaintiffs' motion pursuant to 28 U.S.C. § 2412(b) is not an issue in this matter, there will be no adverse impact on this court or its resources by permitting Plaintiffs' motion under 28 U.S.C. § 2412(d)(1)(A) to be heard as it would have been had Plaintiffs complied with the time limit set forth in 28 U.S.C. § 2412(d)(1)(B). Finally, there is no indication that Plaintiffs' counsel deliberately disregarded the time limit set forth in 28 U.S.C. § 2412(d)(1)(B). The Plaintiffs did exactly what Local Rule 54.2 requires and attempted to reach agreement with the opposing parties before filing a fee petition.

The lack of prejudice to the Federal Defendants, the minimal extent of delay, and the lack of impact on the court or its resources, when coupled with the fact that the confusion over the governing time limit was the product of a mutual mistake by the parties, amount to exceptional circumstances which compel the conclusion that, in the interests of justice, the court's order of June 29, 1999, should be vacated and re-entered as of March 23, 2000. Accordingly, Plaintiffs' application for attorney's fees and expenses pursuant to 28 U.S.C. § 2412(d)(1)(A) is properly before the court for further proceedings.[3]

## II. *The Jurisdictional Nature of the Time Period Set Forth in 28 U.S.C. § 2412(d)(1)(B)*

Even if the Plaintiffs were not entitled to relief under Rule 60(b), the court would deem Plaintiffs' application for attorney's fees and expenses under 28 U.S.C. § 2412(d)(1)(B) timely filed. Although the limitations period set forth in 28 U.S.C. § 2412(d)(1)(B) has been held by several circuit courts of appeal to be jurisdictional, thereby precluding equitable extension of the thirty-day filing period, *see, e.g., Myers v. Sullivan,* 916 F.2d 659, 666 (11th Cir. 1990), and *Clifton v. Heckler,* 755 F.2d 1138, 1144–45 (5th Cir.1985), neither the Supreme Court nor the Fourth Circuit has specifically addressed whether equitable principles can apply to the time limit set forth in 28 U.S.C. § 2412(d)(1)(B). Recent Supreme Court decisions indicate that the time limitation in 28 U.S.C. § 2412(d)(1)(B) is not *per se* immune from equitable considerations. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *United States v. Brockamp,* 519 U.S. 347, 350–53, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997); *United States v. Beggerly,* 524 U.S. 38, 48–49, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998).

In *Irwin,* the Supreme Court considered whether the statutory time limitation ap-

---

**3.** Because the court finds that relief is proper under Rule 60(b)(6), the court need not address Plaintiffs' argument that relief is also proper under Rule 60(b)(1).

plicable to employment discrimination suits against the federal government under Title VII could be equitably tolled. *See Irwin,* 498 U.S. at 95–96, 111 S.Ct. 453. The statutory time limitation at issue in *Irwin,* 42 U.S.C. § 2000e–16(c), provided in relevant part:

> Within thirty days of receipt of notice of final action taken by ... the Equal Employment Opportunity Commission ... an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in Section 2000e–5 of this title ....

*Id.* at 94, 111 S.Ct. 453.[4] The *Irwin* Court stated that the "same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id.* at 95–96, 111 S.Ct. 453. In creating a general rule to govern the applicability of equitable tolling in suits against the government, the court intended to break with its past practice of deciding "each case on an *ad hoc* basis" and concluded that

> making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver [of sovereign immunity]. Such a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation.

*Id.* at 95, 111 S.Ct. 453.

In *Brockamp,* the Supreme Court addressed whether the statutory time limitation applicable to tax refund claims, *see* 26 U.S.C. § 6511, was subject to equitable tolling. *See Brockamp,* 519 U.S. at 349, 117 S.Ct. 849. In concluding that the time limits contained in 26 U.S.C. § 6511 were not subject to equitable tolling, the *Brockamp* Court focused on three characteristics of the text of Section 6511. First, the

Court noted that Section "6511 uses language that is not simple. It sets forth its limitations in a highly detailed technical manner, that linguistically speaking, cannot easily be read as containing implicit exceptions. Moreover, § 6511 reiterates its limitations several times in several different ways." *Id.* at 350–51, 117 S.Ct. 849. Second, the Court observed that Section 6511 "sets forth explicit exceptions to its basic time limits, and those very specific exceptions do not include 'equitable tolling.'" *Id.* at 351, 117 S.Ct. 849. Third, the *Brockamp* Court determined that to read an equitable tolling exception into Section 6511 "could create serious administrative problems by forcing the IRS to respond to, and perhaps litigate, large numbers of late claims, accompanied by requests for 'equitable tolling' which, upon close inspection, might turn out to lack sufficient equitable justification." *Id.* at 352, 117 S.Ct. 849.

In comparison to the limitations period analyzed by the Supreme Court in *Brockamp,* the limitations period of 28 U.S.C. § 2412(d)(1)(B), like the limitations period at issue in *Irwin,* is simple in language and construction. Moreover, the limitations period in 28 U.S.C. § 2412(d)(1)(B) contains no exceptions on its face. Thus, Section 2412(d)(1)(B), unlike the limitations period analyzed by the Supreme Court in *Brockamp* does not implicitly deny equitable tolling by providing other limited exceptions. Finally, permitting a court to apply equitable principles to extend the thirty-day filing period under Section 2412(d)(1)(B) would not create the serious administrative burdens the *Brockamp* Court feared would be created if it permitted equitable tolling of the limitations period set forth in 26 U.S.C. § 6511.

In *Beggerly,* the Supreme Court again faced the issue of whether equitable tolling was consistent with the text of a particular statute. Specifically, the *Beggerly* Court

---

**4.** A 1991 amendment to Section 2000e–16(c) increased the time within which an aggrieved employee or applicant may file a civil action from "within thirty days of receipt of final action" to "within ninety days" of receipt of such notice. *See* 42 U.S.C. § 2000e–16(c).

contemplated whether the twelve-year limitations period set forth in the Quiet Title Act, 28 U.S.C. § 2409a, permitted equitable tolling. *See Beggerly,* 524 U.S. at 48–49, 118 S.Ct. 1862. After analyzing the text of Section 2409a, the *Beggerly* Court held the *Irwin* presumption rebutted because Congress had already accounted for equitable tolling of the Quiet Title Act by "providing that the statute of limitations will not begin to run until the plaintiff 'knew or should have known of the claim of the United States.'" *Id.* at 48, 118 S.Ct. 1862 (quoting 28 U.S.C. § 2409a(g)). The limitations period governing claims for attorney's fees under 28 U.S.C. § 2412(d)(1)(B), like the limitations period at issue in *Irwin,* does not automatically incorporate equitable considerations. In addition, the *Beggerly* Court noted that "the unusually generous nature of the [Quiet Title Act's] limitations time period [makes] extension of the statutory period by additional equitable tolling ... unwarranted." *Id.* at 48–49, 118 S.Ct. 1862. By comparison, the thirty-day filing period under 28 U.S.C. § 2412(d)(1)(B), like the filing period at issue in *Irwin,* is not generous. The *Beggerly* Court also noted that, because the Quiet Title Act deals with the ownership of land, the need for settled expectations in land ownership was incompatible with equitable tolling. *Id.* at 49, 118 S.Ct. 1862. This court recognizes that the limitations period set forth in 28 U.S.C. § 2412(d)(1)(B) is, at least in part, an effort to prevent the presentation of stale claims; however, allowing equitable

tolling in appropriate circumstances is not incompatible with protecting the government from stale claims.[5]

■ In light of the Supreme Court's decisions in *Irwin, Brockamp,* and *Beggerly,* as well as the Fourth Circuit's decision in *Webb,* the thirty-day time limit set forth in 28 U.S.C. § 2412(d)(1)(B) is presumptively subject to equitable tolling. Furthermore, neither the language, the construction, nor the purpose of 28 U.S.C. § 2412(d)(1)(B) rebuts this presumption. Thus, the thirty-day time limit set forth in 28 U.S.C. § 2412(d)(1)(B) is subject to equitable considerations and may be tolled under appropriate circumstances. *See Bacon v. Secretary of Health & Human Servs.,* 786 F.Supp. 434, 438 (D.N.J.1992) (holding that the time limit set forth in 28 U.S.C. § 2412(d)(1)(B) is not jurisdictional and may be subject to equitable tolling); *Golbach v. Sullivan,* 779 F.Supp. 9, 11–12 (N.D.N.Y.1991) (same).

## III. *Equitable Tolling*

■ Under Local Rule 54.2, the deadline for Plaintiffs' application for attorney's fees was August 30, 1999,[6] and under Section 2412(d)(1)(B) the deadline was July 29, 1999. Plaintiffs relied on Local Rule 54.2 and filed their motion for attorney's fees on August 27, 1999.

The Supreme Court has recognized that a court may equitably toll a deadline where the court leads the plaintiff to be-

---

5. Although the Fourth Circuit has never addressed whether equitable tolling principles presumptively apply to 28 U.S.C. § 2412(d)(1)(B), the Fourth Circuit has addressed the issue of equitable tolling in the context of tax refund claims under 26 U.S.C. § 6511. *See Webb v. United States,* 66 F.3d 691 (4th Cir.1995). In *Webb,* which was decided prior to the Supreme Court's decision in *Brockamp,* the Fourth Circuit noted that the Supreme Court's holding in *Irwin* is not limited to claims arising under Title VII, or those arising under remedial statutes generally. *See id.* at 696. Ultimately, however, the Fourth Circuit held that the presumption of equitable tolling announced in *Irwin* was in-

applicable to tax refund suits brought pursuant to 26 U.S.C. § 6511. *See id.* at 698. The Fourth Circuit went on to state that, even if the general presumption of equitable tolling were applicable in tax refund cases, the presumption was effectively rebutted by the statutory scheme of 26 U.S.C. § 6511. *See id.* at 699.

6. Sixty days after final judgment in this case was Saturday, August 28, 1999. If Local Rule 54.2 controlled Plaintiffs' application for attorney's fees and expenses, the deadline for filing the application expired on Monday, August 30, 1999. *See* Fed.R.Civ.P. 6(a).

lieve that he has done everything required of him. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (citing *Carlile v. South Routt Sch. Dist. RE 3–J,* 652 F.2d 981 (10th Cir.1981)). In *Carlile,* the district court told the plaintiff that her action would be considered commenced as of the time of her filing a motion to proceed *in forma pauperis,* a statement subsequently relied upon by her appointed counsel. *Carlile,* 652 F.2d at 986. Thus, the defendant's jurisdictional challenge based on the fact that plaintiff's complaint was filed outside the statutorily defined filing period was rejected. *See id.*

In this case, Plaintiffs attempted to comply with Local Rule 54.2, which was promulgated by this court and purports to govern the award of statutory attorney's fees. In their effort to actively and diligently fulfill the requirements of Local Rule 54.2, Plaintiffs ultimately ran afoul of the statutory time limit of 28 U.S.C. § 2412(d)(1)(B). In light of the court's conclusion that the time limitation set forth in 28 U.S.C. § 2412(d)(1)(B) is subject to equitable tolling and because the ambiguity regarding the proper deadline for Plaintiffs' attorney's fees applications was created by a local rule of this court, the unique facts of this case favor tolling the limitations period of 28 U.S.C. § 2412(d)(1)(B). Accordingly, the court will toll the limitations period of 28 U.S.C. § 2412(d)(1)(B), and Plaintiffs' motion for attorney's fees and expenses pursuant to 28 U.S.C. § 2412(d)(1)(A) is considered timely filed.

## CONCLUSION

For the foregoing reasons, as well as the reasons stated in open court on March 23, 2000, Plaintiffs' motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure will be granted. Alternatively, the court will toll the limitations period of 28 U.S.C. § 2412(d)(1)(B).

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

### ORDER

For the reasons stated on the record in open court on March 23, 2000, and for the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Plaintiffs' motion [Doc. # 22] for relief from judgment pursuant to Rule 60(b)(6), Federal Rules of Civil Procedure, is **GRANTED** and the court's order of June 29, 1999, is **VACATED and RE–ENTERED** as of March 23, 2000. Plaintiffs' motion for attorney's fees and expenses is therefore properly before the court for further consideration.