James C. GUTZ and Arlene Gutz, Husband and Wife, Plaintiffs,

v.

UNITED STATES, Defendant.

No. 98–785L.

United States Court of Federal Claims.

July 28, 2000.

W. Craig Howell, Domina Law P.C., Omaha, Nebraska, attorney of record for the plaintiffs.

Thomas L. Halkowski, General Litigation Section, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., attorney of record for the defendant; Stuart Shelton, Office of General Counsel, United States Department of Agriculture, Washington D.C., of counsel.

## ORDER

HORN, Judge.

After consideration of the record before the court and the applicable law, the court previously found, in *Gutz v. United States,* 45 Fed.Cl. 291 (1999), that the plaintiffs were entitled to costs and fees under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412 (West 1994 & Supp.1998). The only issue currently before the court is the amount of costs and fees to be awarded to the plaintiffs.

## FINDINGS OF FACT

The plaintiffs are husband and wife and own Farm No.1993, Tract 1289, in Pierce County, Nebraska. In 1989, the plaintiffs were informed of possible ineligibility for United States Department of Agriculture (U.S.D.A.) farm program benefits due to the conversion of wetlands by the plaintiffs. The parties entered into an initial consent decree in the United States District Court for the District of Nebraska in *United States v. James C. Gutz* (Civil Action No. 8:CV91–0094). Plaintiffs then filed suit in the United States District Court for the District of Nebraska (*Gutz v. Espy* (Civil Action No. 8:CV93–00091)), in March, 1993, challenging the administrative determination of the Soil Conservation Service which had found that plaintiffs were ineligible for U.S.D.A. federal commodity price support for the years 1989 and 1990 due to failure to comply with the wetland conservation provisions of the Food Security Act of 1985, 16 U.S.C. § 3801, *et seq.* (1994 and 1997 Supp. III). On June 26, 1994, the parties entered into a settlement agreement in *Gutz v. Espy* resolving the

dispute, which the United States District Court approved in its order dismissing the case. Subsequently, the plaintiffs filed a motion for enforcement of the terms of the settlement agreement in the United States District Court for the District of Nebraska in a case captioned *Gutz v. Glickman,*[1] which resulted in an order on April 2, 1997, in which the court stated that, as a discretionary matter, it would not exercise continuing jurisdiction to enforce the settlement agreement. The District Court indicated, however, that the plaintiffs could file a breach of contract action against the federal government in the appropriate forum and ordered the case file closed. On August 18, 1998, the District Court determined in *Gutz v. U.S.D.A.,* Civil Action No. 8:97CV399, apparently filed thereafter, that it lacked jurisdiction under 28 U.S.C. § 1346(a)(2) to enforce the settlement, but denied plaintiffs' motion to transfer, reasoning that the statute of limitations did not preclude plaintiffs from filing their claim before this court.

Plaintiffs' complaint in this court was filed on October 9, 1998. The parties filed cross motions for summary judgment. In addition to granting plaintiffs' motion for summary judgment, the court addressed the issue of costs and fees under the EAJA. In accordance with the EAJA, the court determined that: (1) the plaintiffs were the prevailing party; (2) the language of the settlement agreement was clear and unambiguous and, therefore, the government's position was not substantially justified; and (3) no special circumstances made the award unjust. The plaintiffs fulfilled the additional requirement for an award of costs and fees under the EAJA, pursuant to section 2412(d)(1)(B), by timely submitting to the court a fee application and itemized statement.

The plaintiffs seek reimbursement for fees and expenses incurred in *United States v. James C. Gutz,* and *Gutz v. Espy,* two actions before the federal district court in Nebraska, and for fees and expenses incurred in litigat-

1. The caption reads *Gutz v. Glickman,* but the entire case number is unreadable on the copy of the order in the record before the court. To the extent that the number is barely legible, it may be the same as in *Gutz v. Espy,* with the next

Secretary of the Department of Agriculture, Mr. Glickman, substituted for Mr. Espy, in that "9" and "1" appear to be the last two numbers in the case number.

ing *Gutz v. United States* before this court. The plaintiffs argue that they are seeking fees for a "string of related law suits," not separate actions. The plaintiffs pray for $68,459.68 in relief. The defendant argues that the plaintiffs cannot recover for work performed prior to litigation in the above captioned case filed in the United States Court of Federal Claims, and are entitled only to $6,916.41.

### DISCUSSION

The defendant objects to the plaintiffs' cost and fee application under the EAJA, 28 U.S.C. § 2412, because it argues that plaintiffs are seeking reimbursement for time spent at the administrative level and in actions entertained by courts other than this one, and for actions which occurred prior to when the settlement agreement at issue in this court was executed. The defendant argues that any award by the court should not exceed costs and fees incurred in the breach of contract action filed in this court. The defendant further argues that plaintiffs' interpretation of the EAJA and attempt to resort to equity as a basis for their cost and fee claim is unavailing because the "EAJA is a limited waiver of sovereign immunity, which must be strictly construed in favor of the government."

Contrary to defendant's allegations, it does not appear that plaintiffs are requesting costs and fees for work done at the administrative level, although their cost claim is broken down only by dates or services performed. It appears that there are essentially three phases of work for which the plaintiffs seek reimbursement. The first phase involves the initial dispute concerning eligibility for U.S.D.A. farm program benefits, which includes the lawsuits captioned *United States v. James C. Gutz* and *Gutz v. Espy*, both filed in the United States District Court for the District of Nebraska. The second phase involves the plaintiffs' earlier motion and then the civil action (*Gutz v. U.S.D.A.*) brought by the plaintiffs in the United States District Court for the District of Nebraska, to enforce the settlement agreement, and in which the plaintiff made a motion to transfer, which was denied, without prejudice. The

third phase involves the breach of contract action filed in and decided by this court.

The defendant concedes that plaintiffs are entitled to costs and fees for the third phase, or the case tried before this court. However, the defendant argues that under the EAJA, "[p]laintiffs are not authorized to obtain compensation for work done in their unsuccessful district court actions." The court would not necessarily describe those district court actions as unsuccessful, since they ended in a consent decree and settlement agreement. The court agrees with the defendant, however, that the EAJA does not support plaintiffs' contention that the instant case "is the culmination of a string of related lawsuits," and that, therefore, the plaintiffs are not entitled to reimbursement for the earlier cases. In fact, the EAJA specifically prohibits the court from awarding costs and fees for work performed in phase one because there has been no finding that the actions of the government, which resulted in those cases, were substantially unjustified.

In addition, the EAJA states that a prevailing party "seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). A final judgment in this context includes "an order of settlement." *See* 28 U.S.C. § 2412(d)(2)(G); *see also* discussion in *Everard v. Secretary of Health and Human Services,* 742 F.Supp. 739, 740 (N.D.N.Y.1990).

In *Oliveira v. United States,* 11 Cl.Ct. 101, 107 (1986), *rev'd on other grounds,* 827 F.2d 735 (Fed.Cir.1987), the United States Claims Court determined that the plaintiff was only entitled to reimbursement for costs and fees incurred in that court. Originally, the plaintiff had filed a claim against the United States in the United States District Court for the Southern District of Florida. *Id.* at 102. The Florida District Court granted the defendant's motion for summary judgment and the plaintiff appealed to the United States Court of Appeals for the Eleventh Circuit. *Id.* However, the Eleventh Circuit found that it lacked jurisdiction and, therefore, transferred the case to the United States Court of Appeals for the Federal Circuit, which subse-

quently ordered a trial de novo in the United States Claims Court. *Id.* at 102–03. After entering judgment for the plaintiff pursuant to an out-of-court settlement, the Claims Court found that the plaintiff was entitled to reimbursement under the EAJA. *Id.* at 109. The plaintiff subsequently attempted to recover fees expended in the Florida District Court and in the Eleventh Circuit actions, but the Claims Court denied recovery. *Id.* at 107. The court declared that "the work done by plaintiff's counsel in unsuccessfully attempting to prosecute the plaintiff's cause of action in the District Court and in the Eleventh Circuit can hardly be regarded as effort reasonably expended, as neither court had jurisdiction over the case." *Id.* The Claims Court, therefore, concluded "that the plaintiff is not entitled to be reimbursed for attorney fees and expenses incurred in the District Court or in the Eleventh Circuit." *Id.*

Although it reversed the Claims Court on other grounds, the Court of Appeals for the Federal Circuit validated the above portion of the Claims Court's decision, stating:

> The EAJA specifically requires, as a basis for an award of attorney fees and other expenses, that the action be brought before a "court having jurisdiction." [28 U.S.C. § 2412] In view of this language, we cannot hold that the Claims Court abused its discretion in not awarding attorney fees and other expenses for representation before the district court and the Eleventh Circuit when neither forum had jurisdiction over the matter before it.

*Oliveira v. United States,* 827 F.2d 735, 742 (1987) (citations omitted).

Therefore, by having failed to submit timely applications to the district courts in which the actions were filed in *United States v. James C. Gutz* and *Gutz v. Espy,* and *Gutz v. U.S.D.A.,* plaintiffs missed whatever remote opportunity they may have had to apply for fees and expenses under the EAJA. They cannot file EAJA applications for work performed in those cases now or in this court.

The plaintiffs also claim as an additional argument that equity dictates a larger award than for work undertaken in this court. The defendant, however, argues that the EAJA contains a limited grant of sovereign immunity which this court cannot enlarge. The Supreme Court has made it clear that "[t]he EAJA renders the United States liable for attorney's fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity. Any such waiver must be strictly construed in favor of the United States." *Ardestani v. Immigration and Naturalization Service,* 502 U.S. 129, 137, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991). In *Ardestani,* the Court was asked to determine whether the plaintiff's deportation proceeding brought by the Immigration and Naturalization Service (INS) was an adversary adjudication under 5 U.S.C. § 554 "within the meaning of the EAJA." *Id.* at 133, 112 S.Ct. 515. Although it acknowledged that "the broad purposes of the EAJA would be served by making the statute applicable to deportation proceedings," the Court nevertheless concluded that "we cannot extend the EAJA to administrative deportation proceedings when the plain language of the statute, coupled with the strict construction of waivers of sovereign immunity, constrain us to do otherwise." *Id.* at 138, 112 S.Ct. 515. Similarly, this court cannot and will not expand the statutory waiver of sovereign immunity with respect to the EAJA on the basis of equity or with regard to actions other than the action filed in this court.

## CONCLUSION

This court does not construe the language of the EAJA statute in such a way that would award plaintiffs with fees and expenses incurred in proceedings before another court, especially when the issues at bar were unrelated to the settlement agreement at issue in this court, and which proceedings occurred before the settlement agreement was executed. The court's finding that the defendant's actions were not substantially justified relates only to the government's interpretation of the language of the settlement agreement, not to the government's actions with respect to eligibility for price supports based on alleged wetland violations. Therefore, plaintiffs' request for EAJA fees and expenses incurred in *United States v. James C. Gutz* (Civil Action No. 8:CV91–0094) and *Gutz v. Espy* (Civil Action No.

8:CV93–00091) must be denied. With respect to the plaintiffs' actions to enforce the settlement agreement in the Federal District Court for the District of Nebraska, this court also denies the plaintiffs' claim since, as Judge Shanahan of that court properly found, that court was without jurisdiction to entertain the enforcement action.

The plaintiffs are entitled to an award for fees and expenses incurred from after the Nebraska District Court's dismissal on August 18, 1998, related to the action filed in this court, in the amount of $6,916.41, as documented in plaintiffs' cost and fee application.

**IT IS SO ORDERED.**